UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

      Plaintiff,	Case No. 1:23-cr-015

v.	Hon. Hala Y. Jarbou
	Chief United States District Judge

ARISKNIGHT ARKIN-EVERETT WINFREE,

      Defendant.

                                    /

**MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY,
REQUEST FOR APPOINTMENT OF NEW ATTORNEY,
AND BRIEF IN SUPPORT**

      Undersigned counsel for defendant Arisknight Arkin-Everett Winfree, hereby moves for leave to withdraw as counsel for the reason that a conflict of interest has arisen in her continued representation of Mr. Winfree. Undersigned counsel very recently learned that continued representation of Mr. Winfree poses a conflict of interest or the appearance of a conflict of interest between Mr. Winfree and another client currently represented by an attorney in the Office of Federal Public Defender. The Assistant United States Attorney in this matter, Davin M. Reust, has been advised of the situation and the relief requested in this motion. AUSA Reust has indicated that the government takes no position regarding the relief requested in this motion. The conflict became known to counsel one week ago. Mr. Winfree is aware of the conflict of interest.

**Brief in Support**

Mr. Winfree was charged on February 14, 2023, with kidnapping, coercion and enticement, attempted coercion and enticement, and two counts of sexual exploitation of a minor. (ECF No. 16, Indictment, PageID.48-58.) He was ordered detained and remains incarcerated at the Newaygo County Jail.

The final pretrial conference is currently scheduled for July 19, 2023, and the jury trial is currently scheduled for August 15, 2023.

Counsel has investigated the issue of the conflict of interest and has spoken with the other attorney who represents the conflicted client.  A Motion to Withdraw is being filed in the other case as well.

Based upon counsel's consultation with fellow Assistant Federal Defenders, undersigned counsel believes that the situation has at least the appearance of a conflict of interest, and in fact, there exists a conflict of interest based on the facts known to undersigned counsel. In accordance with past practice in the Office of the Federal Public Defender, once an issue of this sort is presented, counsel for the affected parties moves promptly to raise the matter with the Court by way of a Motion to Withdraw.

This conflict of interest inhibits counsel's ability to provide free and unfettered advice to Mr. Winfree without violating the privilege and duty owed to the other client also currently represented by the Federal Public Defender Office.

The State Bar of Michigan's Rules of Professional Conduct clearly set out counsel's duty where there is a conflict of interest:

> Rule 1.7 Conflict of Interest: General Rule.
>
> (a) A Lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
>> (1)   the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>>
>> (2) each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless:
>
>> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>>
>> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Furthermore, this potential conflict is imputed to attorneys who are associated in a practice under Michigan Rule of Professional Conduct 1.10(a) which reads in part that "[W]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a), or 2.2. Counsel believes that these rules prohibit their continued representation of Mr. Winfree. It is not believed that the conflict of interest known to the Office of the Federal Public Defender is a "waivable" conflict or that sufficient procedures or protections are available to allow even the attempt to obtain a waiver of the conflict by either or both defendants.

The Sixth Amendment right to the assistance of counsel is a fundamental right so essential to a fair trial that is part of the Due Process Clause of the Fourteenth Amendment.

*Gideon v. Wainright*, 372 U.S. 335 (1963). A presumption that a defendant is entitled to counsel of their own choice may be overcome by a demonstration of an actual conflict of interest or by a showing of a serious potential for conflict. *Wheat v. United States*, 486 U.S. 153, 164 (1988).

WHEREFORE, the undersigned respectfully requests this Honorable Court for leave to withdraw as counsel for defendant Arisknight Arkin-Everett Winfree, and asks that the Court appoint new counsel.

                                                  Respectfully submitted,

                                                  SHARON TUREK
                                                  Federal Public Defender

Dated:  April 13, 2023                     /s/ Helen C. Nieuwenhuis
                                                  HELEN C. NIEUWENHUIS
                                                  First Assistant Federal Public Defender
                                                  50 Louis, NW, Suite 300
                                                  Grand Rapids, Michigan 49503
                                                  (616) 742-7420