UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | File No. 1:23-cr-00015 |
| Plaintiff, | Honorable Hala Y. Jarbou |
| v. | PETITION ASSERTING INTEREST IN PROPERTY SUBJECT TO PRELIMINARY ORDER OF FORFEITURE |
| ARISKNIGHT ARKIN-EVERETT WINFREE, | |
| Defendant. | |

_____

Jean Winfree, through her attorney Takura Nyamfukudza of Chartier & Nyamfukudza, P.L.C., moves this Court to commence ancillary proceedings under 21 U.S.C. § 853 (n) to set a hearing on Ms. Winfree's claim to the subject property, enter a final order of forfeiture that amends the September 13, 2024 Preliminary Order of Forfeiture to reflect Ms. Winfree's valid interest in the subject property, and order all additional relief the Court deems proper.

## BACKGROUND

On April 10, 2024, the defendant pled nolo contendere to counts 1-5 of the indictment and the Court adjudicated the defendant guilty of kidnapping as well as coercion and enticement, among other offenses. (Minutes of Plea, RE 75, Page ID # 233.) On September 13,

2024, this Court entered the Preliminary Order of Forfeiture. (Preliminary Order of Forfeiture, RE 87, Page ID # 311.) The Preliminary Order of Forfeiture provided for the forfeiture, pursuant to 18 U.S.C. §§ 2428 and 2253(a), of $66,854.35 in funds seized from PNC Bank, Bank Account XXXXXX3429, held in the name of David Winfree, Jean Winfree, and Lisaurel Winfree, representing the sale proceeds of the 2021 Porsche 718 Boxster, VIN: WP0CD2A83MS232474, registered to the defendant. (Preliminary Order of Forfeiture, RE 87, Page ID # 311.) The Preliminary Order of Forfeiture directed the Federal Bureau of Investigations or the United States Marshals Service to seize the subject property and dispose of it in accordance with applicable laws and regulations. (Preliminary Order of Forfeiture, RE 87, Page ID # 313.) It also directed that notice of the forfeiture be published in accordance with 21 U.S.C. § 853(n)(1). (Preliminary Order of Forfeiture, RE 87, Page ID # 313.) Shortly thereafter, the United States first published notice, as required under 21 U.S.C. § 853(n)(1), that all parties with interest in the subject property had a limited timeframe to file a petition claiming an interest in said property.

## MS. WINFREE'S INTEREST IN THE SUBJECT PROPERTY

### I. Ms. Winfree has a valid, good faith, and legally recognizable interest in the funds seized from the PNC Bank Account.

Ms. Winfree helped her adult son, Arisknight Winfree, to purchase the house that his offenses of conviction occurred in. As this Court is undoubtedly aware, the house is located at 343 Highland Avenue, East Lansing, MI 48823. They executed an agreement which made it clear that the monthly mortgage payments, all costs, and all utilities were the defendant's responsibility for the life of the loan. (Exh. E.)

Additionally, Ms. Winfree paid several expenses on her son's behalf. The deposit that the defendant made into the PNC Bank Account after he sold the Porsche was to reimburse Ms. Winfree for those expenses. He accrued them between December 2022 and January 2023. Accordingly, Ms. Winfree suffered a pecuniary loss as a result of the offenses that undergird the January 26, 2023 forfeiture. The Court will find the expenses listed below.

| | |
|---|---|
| 12/13/2022: Attorney Brian Daley | $7,500.00 |
| 12/14/2022: Bond | $5,000.00 |
| 12/21/2022: Attorney Ray Cassar | $20,000.00 |
| 12/23/2022: Weise Law | $10,000.00 |
| 01/04/2023: 343 Highland Door Repair | $937.00 |

3

| | |
|---|---|
| 01/14/2023: Move from Highland Avenue | $1,100.00 |
| 01/22/2023: Cleaning | $300.00 |
| 12/21/2023: Chase Saphire | $12,988.60 |
| 12/23/2023: Chase IGH | $15,911.60 |
| 12/23/2023: Chase Saphire | $8,323.71 |

It deserves emphasis that Ms. Winfree and her ex-husband opened the PNC Bank Account well over a decade before her son committed the underlying criminal acts. Counsel has included documents from the relevant timeframe which show that paychecks from Ms. Winfree's legitimate employment with Blue Cross Blue Shield were a recurring and steady source of deposits into that account. (Exh. A-D.)

Moreover, the defendant has always had terrible credit. As such, he needed help to purchase a home of his own. It was Ms. Winfree's hope that helping her son realize the "American Dream" in this manner would help strengthen his credit. As the attached agreement attests, despite Ms. Winfree's initial help, the mortgage payments and all related expenses were supposed to be her son's responsibility.

Notably, Ms. Winfree was also willing to help her son purchase the home because he secured a job in October 2021. He was working from home like millions of other people did during the height of the

COVID-19 pandemic and it appeared that his most-recent job was paying him well. The fact that the defendant was able to buy a Porsche without his mother's help suggested to her that the new job had the defendant on the path to financial independence.

Of import here, given the sum of the aforementioned expenditures, the defendant owed Ms. Winfree a total of $82, 060.91. Deposit Reference No. 004304533 made on December 16, 2023, was consequently made to satisfy that debt. (Exh. C, 2.) The seizure that was executed represents a pecuniary loss of an asset that Ms. Winfree has a vested and legitimate interest in. That loss is traceable to the defendant's criminal acts.

To be clear, Ms. Winfree did not knowingly contribute to, participate in, benefit from, or act in a willfully blind manner towards her son's commission of criminal acts. Furthermore, Ms. Winfree has not been compensated for the wrongful loss of the above-mentioned funds by her son or any other person or entity. Finally, Ms. Winfree does not have recourse reasonably available to other assets from which to obtain compensation for the wrongful loss of the $66,854.35 that was seized from her account.

## CONCLUSION

Ms. Winfree is a victim of the defendant's criminal actions. Her interest in the subject property does not spring from an assignment or subrogation of the right to sue the defendant. And she has not received compensation from insurance or any other source with respect to her sizeable pecuniary loss. Accordingly, Ms. Winfree respectfully requests that this Court schedule a hearing so that she can vitiate her legitimate interest in the subject property.

        Respectfully submitted,

        CHARTIER & NYAMFUKUDZA, P.L.C.

Dated: 10/04/2024    /s/TAKURA NYAMFUKUDZA
        Takura Nyamfukudza

### Certification of Delivery

I hereby certify that on October 04, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/TAKURA NYAMFUKUDZA
Takura Nyamfukudza
Chartier & Nyamfukudza, P.L.C.
2295 Sower Boulevard
Okemos, MI 48864
Phone: 517.885.3305
Fax: 517.885.3363
takura@cndefenders.com